CHARLES WILLIAMS and Others, Plaintiffs, *v.* MICHAEL J. QUILL, as President of the Transport Workers Union of America, an Unincorporated Association of More Than Seven Members, NEW YORK RAPID TRANSIT CORPORATION, WILLIAMSBURGH POWER PLANT CORPORATION, BROOKLYN AND QUEENS TRANSIT CORPORATION and BROOKLYN BUS CORPORATION, Defendants.

Supreme Court, Kings County, November 10, 1937.

*Math & Glassman* [*Nathan W. Math* of counsel], for the plaintiffs.

*Harry Sacher,* for the defendant Transport Workers Union of America.

*George D. Yoemans,* for the defendant railroad companies.

MAY, J. The agreement entered into on October 11, 1937, between the various rapid transit corporations as parties of the first part and the Transport Workers Union of America, affiliated with the Committee for Industrial Organization, party of the second part, as the duly selected and accredited bargaining agent for eleven out of twelve groups or categories of employees on the rapid transit lines and buses of the said transit corporations, falls within the permissive provisions of the labor laws of this State as enacted by the Legislature, more particularly article 20 of the Labor Law, which became effective July 1, 1937.

Subdivision 5 of section 704 thereof specifically provides " that nothing in this article shall preclude an employer from making an agreement with a labor organization, requiring as a condition of employment membership therein, if such labor organization is the representative of employees as provided in section seven hundred five."

In the light of that and similar enactments, such as subdivision 2 of section 340 of the General Business Law, which exempts labor

unions from the effect of the provisions forbidding monopolies, a contract between an employer and a union providing for what is commonly known as a " closed shop " is in consonance with the public policy of the State as expressed by its Legislature. While it may be unfortunate that petitioners herein will be, in effect, coerced into joining a union against their will or face the alternative of sacrificing their employment, the criticism for such a situation, if any, lies with the Legislature and not with the courts. Such a contractual agreement cannot be said to be violative of public policy which is specifically declared to be otherwise.

The cases relied upon by the plaintiffs were decisions made prior to the legislation referred to and in the light of such legislation and subsequent decisions are to be regarded as no longer controlling.

As stated in a recent decision of this court (*De Agostina* v. *Parkshire Ridge Amusements, Inc.*, 155 Misc. 518): " ' Closed shop ' agreements do not contravene any public policy (*Jacobs* v. *Cohen*, 183 N. Y. 207), and are specifically enforcible in equity. (*Schlesinger* v. *Quinto*, 201 App. Div. 487; *Goldman* v. *Cohen*, 222 id. 631; *Ribner* v. *Rasco Butter & Egg Co.*, 135 Misc. 616; *Farulla* v. *Freundlich, Inc.*, 152 id. 761; 153 id. 738.) * * * Having chosen to enter into a ' closed shop ' agreement with one labor union to the exclusion of another, an employer's contractual obligations are to be no less observed."

The same reasoning applies as between the union and the individual employee. (See, also, *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *American Fur Mfrs. Assn., Inc.*, v. *Associated Fur Coat & Trimming Mfrs., Inc.*, 161 Misc. 246.)

Plaintiffs have not established that they have been deprived of any rights guaranteed them under the State or Federal Constitutions. The motion for a temporary injunction is accordingly denied.